UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cr-20378-GAYLES

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**

**LUIS FELIPE VIVERO ARROYO,**

    Defendant.

_____ /

**<u>ORDER</u>**

**THIS CAUSE** comes before the Court on Defendant Luis Felipe Vivero Arroyo's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion") [ECF No. 64]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

**BACKGROUND**

Defendant, a 36-year-old man, is currently incarcerated at the Pollock Federal Correctional Institution in Louisiana with a projected release date of September 11, 2023. On September 11, 2018, the Court sentenced Defendant to a 72-month term of imprisonment, a three-year term of supervised release, and a $100 special assessment, for conspiracy to possess with the intent to distribute cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b). [ECF No. 48].

On December 6, 2021, Defendant filed the instant Motion for compassionate release based on extraordinary and compelling circumstances. [ECF No. 64]. In support of his Motion, Defendant asserts that he is handicapped with one eye. *Id.* Defendant asserts that the prison staff

and other inmates have bullied him because of his injury, causing his low self-esteem and depression. *Id.* Defendant also wants to be reunited with sick family members. *Id.* Defendant states that he has exhausted his administrative remedies, citing to a document that was neither attached to the Motion nor entered in the record. *Id.* The Government opposes Defendant's Motion, claiming that Defendant has again failed to exhaust his administrative remedies[1] and has not established extraordinary and compelling reasons warranting release. [ECF No. 66].

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

---

[1] On February 2, 2021, the Court denied Defendant's similar motion for failing to exhaust his administrative remedies. *See* [ECF No. 61].

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the 18 U.S.C. § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F. 3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

The Court denies Defendant's Motion because he has not exhausted his administrative remedies with the Bureau of Prisons ("BOP"). As an initial matter, 18 U.S.C. § 3582(c)(1)(A) allows a defendant to make a compassionate release request once he fully exhausts his administrative remedies with the BOP. Proper exhaustion requires that a defendant file a request for compassionate release with the warden of his facility and appeal the denied request. 18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 542.15 (outlining the administrative appeal process); 28 C.F.R. § 571.63 (defining what constitutes a "final administrative decision"). Alternatively, a defendant must show that at least thirty days have elapsed since the warden received his request. 18 U.S.C. § 3582(c)(1)(A). A court need not address the merits of a request for compassionate release where a defendant has failed to exhaust his administrative remedies. *See United States v. Rodriguez-Begerano*, No. 8:12-cr-5558-T-33, 2020 WL 3000737, at *1 (M.D. Fla. June 4, 2020) (noting that addressing the merits of a compassionate release request was not necessary because the defendant failed to exhaust his administrative remedies).

Here, Defendant has not established that he exhausted his administrative remedies with the BOP before filing the present Motion. Defendant did not present the Court with proof that he made such a request to the warden and then either appealed the denied request or allowed thirty days to

pass before filing the Motion. The Court thus finds that Defendant failed to exhaust his administrative remedies and that it need not consider the merits of the Motion. For this reason alone, Defendant's Motion is denied without prejudice.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), [ECF No. 64], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of February, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE